ERNEST VELLUCCI, RELATOR, v. LOGGIA PIETRO VERRI NO. 11 (ORDER SONS OF ITALY), RESPONDENT.

Decided March 17, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relator, *J. Victor D'Aloia.*

For the respondent, no appearance.

PER CURIAM.

The relator became a member of the Loggia Pietro Verri No. 11, Order of the Sons of Italy, when it was organized

in 1913, as a mutual benefit association. He was a charter member. In December, 1922, he was elected presiding officer of the organization. In the month of April, 1923, as president, he ordered payment of sick benefits to some members of the respondent, who were entitled to receive the same under the provisions of the by-laws governing the organization. A dispute arose as to the ordering of these payments, whereupon the relator resigned his office as president. He still maintained his membership in the order. Since his resignation from office the relator has tendered his dues, as a member, but respondent has refused to accept them, and refused to recognize him as a member of the society.

On the order to show cause why a peremptory writ should not be granted, testimony was taken, from which testimony it appears that no charges were ever made against relator, nor was he ever suspended or expelled from the order.

There is nothing in the testimony taken under the rule to indicate that there is any basis for the refusal by the respondent of recognizing the relator's right of membership in the order.

The only ground set up by respondent in justification of its refusal to accept the dues tendered to it by the relator is the secretary's statement that there was due from the relator a fine imposed upon him by respondent, and that the payment of the fine imposed was a condition precedent to acceptance by the respondent of dues from him as a member and before recognizing him as such.

The action, on part of the respondent, has no basis for its support. The secretary of the order admits that there is no provision for the imposition and collection of such a fine as was imposed on the relator in the by-laws of the respondent.

An alternative writ, therefore, is directed to be issued.